UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Carolyn Ray Turnbow,
    Plaintiff

vs

John E. Potter,
Postmaster General,
    Defendant

Case No. C-1-03-487
(Spiegel, J.)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment and Dismissal (Doc. 28), the Response of Plaintiff (Doc. 31), Defendant's Reply Memorandum Supporting his Motion for Summary Judgment (Doc. 33). Also before the Court are Plaintiff's Motions for Partial Summary Judgment (Docs. 29, 30), Plaintiff's Motion to Amend Motion (Doc. 32), Defendant's Memorandum Opposing Plaintiff's Motions for Partial Summary Judgment (Doc. 34), and Plaintiff's Reply Supporting Her Response and Motion for Summary Judgment (Doc. 35).

### BACKGROUND

Plaintiff brings this action, pro se, pursuant to 42 U.S.C. § 2000e et. seq., alleging employment discrimination. Plaintiff is an African-American female who began employment with the U.S. Postal Service in June of 2000. (Deposition of Carolyn Turnbow, p. 7). Plaintiff was accepted into an acting supervisor management training program and was given two weeks of training. (Id. at 29-30). During this training program, various supervisors trained Plaintiff and two other candidates with respect to management skills. Plaintiff claims that supervisor, Darrell Byrd, failed to train her, instead focusing his training efforts

on the two other white management candidates. Plaintiff was, however, trained by supervisors other than Byrd. (Turnbow Dep. at 29). Plaintiff also testified that she believed she did her job well and that she was able to perform her duties as an acting supervisor. (Id. at 30). Plaintiff claims Byrd's failure to train her was motivated by racism and retaliation.

## OPINION

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a

duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

<u>Summary Judgment Should be Granted With Respect to Plaintiff's
Sex and Race Discrimination Claims</u>

In passing Title VII, Congress determined that sex, race, religion, and national origin are not relevant to the selection, evaluation, or compensation of employees. *Price Waterhouse v. Hopkins*, 57 U.S.L.W. 4469, 4472 (1989). "The principal focus of [Title VII] is the protection of the individual employee, rather than the protection of the minority group as a whole." *Connecticut v. Teal*, 457 U.S. 440, 453-54 (1982).

Plaintiff's claims are those of disparate treatment based upon her race and gender. In such a case, Plaintiff has the burden of proving unlawful discrimination because of race or gender. Proof of discriminatory intent is crucial. *Rowe v. Cleveland Pneumatic Co., Numerical Control, Inc.*, 690 F.2d 88, 92 (6th Cir. 1982); *Chrisner v. Complete Auto Transit, Inc.*, 645 F.2d 1251, 1257 (6th Cir. 1981). Because of the difficulty of proving discriminatory motive, the Supreme Court has made available a special order of proof in employment discrimination cases, the initial stage of which is described as plaintiff's prima facie case. *Texas Depart. of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *Askin v. Firestone Tire & Rubber Co.*, 600 F. Supp. 751, 753-54 (E.D. Ky. 1985), *aff'd without opinion*, 785 F.2d 307 (6th Cir. 1986).

Plaintiff may establish a prima facie case by showing that: (1) she belongs

3

to a protected class; (2) she was qualified for the job; (3) she was subjected to an adverse employment action; and (4) a similarly situated worker not in a protected class was treated more favorably. *Tally v. Bravo Pitino Rest, Ltd., 61 F.3d 1241, 1246 (6th Cir. 1995)*. See also *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335-36 n.15 (1977): *Shah v. General Electric*, 816 F.2d 264, 267 (6th Cir. 1987); *Beaven v. Commonwealth of Kentucky*, 783 F.2d 672, 675-76 (6th Cir. 1986).

The establishment of a prima facie case permits the "'inference of discrimination . . . because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *Shah*, 816 F.2d at 268 (quoting *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577 (1978)). Thus, by establishing a prima facie case, plaintiff creates a rebuttable presumption that defendant unlawfully discriminated against her. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). This presumption is a procedural device that temporarily ceases plaintiff's burden of producing evidence.

Once Plaintiff establishes a prima facie case, the burden of going forward shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its action. *Board of Trustees v. Sweeney*, 439 U.S. 24 (1978); *Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir. 1987), *cert. denied*, 108 S. Ct. 1032 (1988). The ultimate burden of persuasion never shifts from Plaintiff. *Wrenn*, 808 F.2d at 501. Defendant need not persuade the court it was actually motivated by nondiscriminatory reasons. If Defendant's evidence raises a genuine issue of fact as to whether it intentionally retaliated against Plaintiff, Defendant has satisfied its burden of going forward. *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711 (1983); *Wrenn*, 808 F.2d at 501.

Where Defendant articulates a legitimate reason for its action, the presumption of discrimination "drops from the case," *Burdine*, 450 U.S. at 255, n.10, "and the factual inquiry proceeds to a new level of specificity." *Id.* at 255. See also *Aikens*, 460 U.S. at 714-15. Although the presumption of discrimination, as a procedural device, drops from the case at this point, a permissible inference of discrimination may still be drawn by the trier of fact from the evidence introduced in Plaintiff's case-in-chief. *Askin*, 600 F. Supp. at 754, 755.

4

Once Defendant articulates a legitimate reason for its action, Plaintiff must prove intentional discrimination, i.e; that Defendant treated Plaintiff in a manner which, but for her gender or race, would have been different. *Aikens, 460 U.S.* at 715; *Los Angeles Department of Water & Power v. Manhart*, 435 U.S. 702, 711 (1978); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507-508 (1993). Plaintiff "may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine,* 450 U.S. at 256; *Wrenn,* 808 F.2d at 501. "In short, the district court must decide which party's explanation of the employer's motivation it believes." *Aikens,* 460 U.S. at 716.

In the present case, Plaintiff cannot establish a prima facie case of either race or sex discrimination because she has failed to show that she suffered an adverse employment action. In order to show that she suffered an adverse employment action, plaintiff must demonstrate that Defendant's actions about which she complains were a "materially adverse" change in the terms of her employment *Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 885 (6th Cir. 1996). Generally, reassignments without salary or work hour changes do not ordinarily constitute adverse employments decisions. *Id.* (citing *Yates v. Avco Corp.*, 819 F.2d 630, 638 (6th Cir. 1987)). To determine whether an employment action is adverse, the Court may consider factors such as whether plaintiff was subject to termination of employment, or a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation. *Id.* at 886. Moreover, a change in employment conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities. *Id.* (referring with approval to *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)). When pay and benefits remain the same, generally a change in job title or a "bruised ego" are not enough to support a claim of adverse action. *Id.* at 885-86. *See also Vannoy v. OCSEA Local 11*, —F. Supp.2d—, 1999 WL 101237, *4 (S.D. Ohio Feb. 23, 1999)(Marbley, J.).

In the present case, Plaintiff claims that Darrell Byrd refused to train her and that her training was left in the hands of two other supervisors. However, Plaintiff makes no argument that her training was somehow deficient or that she was unable to perform her job duties as a result of Byrd's failure to train her. Indeed, Plaintiff

5

testified that she received as much training as the employees trained by Byrd and that she was able to perform her job as acting supervisor well. (Deposition of Carolyn Turnbow, at p. 29-30). Plaintiff argues in her memorandum that she "stepped down from Supervisor, do [sic] to not getting the proper training and treatment," and that she "was emotional [sic] hurt, disappointed and loss [sic] enjoyment of becoming a 204b. Because of the lack of training and treatment I received, I fell [sic] I did not fit in." However, Plaintiff's sworn testimony belies such a claim.[1] It is well established that a party may not create a material question of fact by contradicting previous sworn deposition testimony in response to a motion for summary judgment. *Davidson & Jones Dev. Co.*, 921 F.2d at 1352; *see also Hughes v. Vanderbilt University*, 215 F.3d 543 (6th Cir. 2000). As such, the uncontroverted evidence before the Court establishes that Plaintiff suffered no material adverse employment action as a result of Byrd's failure to personally train her. For this reason, Plaintiff's claims for sex and race discrimination fail.

Additionally, Plaintiff's gender discrimination claim fails because the two similarly situated employees to which Plaintiff compares herself are both female. Thus, Plaintiff cannot establish the fourth prong of her prima facie case with respect to her sex discrimination claim. *See Tally*, 61 F.3d at 1246.

### Plaintiff's Claim for Retaliatory Tour of Duty Change Should be Dismissed

Plaintiff also brings a retaliation claim alleging that her tour of duty was changed and her hours reduced in retaliation for filing a grievance. Defendant argues that, as this claim was never raised in an administrative appeal, Plaintiff has failed to exhaust her administrative remedies and her retaliation claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir.

---

[1] In support of this statement, Plaintiff refers to "Exhibit D line 14-20." However, Plaintiff fails to identify to what document such exhibit is attached. The Court is under no obligation to search the record for said document or exhibit. As such, there is no evidence before the Court rebutting Plaintiff's sworn testimony.

1976). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985)(citations omitted)(emphasis in original)). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)).

Prior to bringing a Title VII suit in a federal district court, the aggrieved party must timely file charges of discrimination with the EEOC and must receive and act upon the EEOC's right-to-sue letter. 42 U.S.C. §§ 2000e-5(e)-(f)(1); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973).

A plaintiff who fails to pursue or exhaust his administrative remedies is barred from bringing a Title VII suit in federal court. *Jones v. Cassens Transport*, 748 F.2d 1083, 1086 (6th Cir. 1984); *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987); *Smith v. Kaldor*, 869 F.2d 999, 1008 (6th Cir. 1989); *see also Knafel v. Pepsi-Cola Bottlers*, 899 F.2d 1473, 1480-81 (6th Cir. 1990).

The record contains no indication that Plaintiff ever filed a claim with the EEOC regarding the claim of retaliatory change in her tour of duty in violation of Title VII. Rather, Plaintiff first made this Title VII claim in her Complaint filed in

7

this Court on July 8, 2003. Because Plaintiff has failed to comply with the administrative filing prerequisite, this Court has no jurisdiction over this specific Title VII claim and said claim should be dismissed.

In light of the Court's decision with respect to Defendant's Motion for Summary Judgment and Dismissal, we need not reach Plaintiff's Motions for Partial Summary Judgment (Docs. 29, 30) and Plaintiff's Motion to Amend Motion for Partial Summary Judgment (Doc. 32). As such, these motions should be denied as moot.

## IT IS THEREFORE RECOMMENDED THAT:

1) Defendant's Motion for Summary Judgment and Dismissal (Doc. 28) be GRANTED.

2) Plaintiff's Motions for Partial Summary Judgment (Docs. 29, 30) and Motion to Amend Motion for Partial Summary Judgment, (Doc. 32) be DENIED AS MOOT.

3) Plaintiff's Complaint be DISMISSED and this case be TERMINATED upon the Court's Docket

Date: 4/12/05

Timothy S. Hogan
United States Magistrate Judge

## NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 4-13-05. Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections. (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof. *See* Fed. R. Civ. P. 72(b).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee |
| | B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Carolyn Ray Turnbow<br>5024 Colerain Ave.<br>Cinti, OH 45223 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1410 1688 |
| PS Form 3811, August 2001    Domestic Return Receipt | 102595-02-M-1540 |

1:03cv487 doc#40